1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    JARMELL BOYLAND,
                                              No. C 08-1884 TEH (PR)
12              Petitioner,
                                              ORDER OF DISMISSAL AND
13       vs.                                  INSTRUCTIONS TO CLERK

14    KIMBERLY MCMULLEN,

15              Respondent.

16    _____/

17

18          Petitioner, incarcerated at the San Francisco County Jail in San Bruno,

19    California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.

20    § 2254.

21          Petitioner filed an insufficient in forma pauperis application, so on April 8,

22    2008, this court's clerk sent him a notice that he must submit within thirty days a

23    Certificate of Funds in Prisoner's Account completed and signed by an authorized

24    officer at the prison and a copy of prisoner's trust account statement showing

25    transactions for the last six months or the case would be dismissed.  More than thirty

26    days has passed and Petitioner has neither paid the filing fee nor submitted a

27    complete application to proceed in forma pauperis.  Accordingly, the petition is

28    DISMISSED without prejudice for failure to pay the filing fee.

United States District Court
For the Northern District of California

As alternative grounds for dismissal, Petitioner has not named a proper respondent and has failed to allege any grounds for habeas relief.  Petitioner names the respondent as Kimberly McMullen, whom he has identified as his wife in his partial in forma pauperis application.  Ms. McMullen is not a proper respondent to a petition for a writ of habeas corpus.  The rules governing relief under Section 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254).  This person typically is the warden of the facility in which the petitioner is incarcerated.  See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  The petition also fails to allege any grounds for seeking habeas relief.  Therefore, the petition is DISMISSED without prejudice on the separate ground that it fails to state a claim on which relief may be granted.  28 U.S.C. 1915(e)(2).

It appears that the petition was filed with Petitioner's and Respondent's names inverted.  The Clerk is directed to correct the docket to reflect properly the Petitioner's name as Jarmell Boyland, and Respondent as Kimberly McMullen.  The Clerk shall close the file, terminate all pending motions, and enter judgment in this matter.

SO ORDERED.

DATED:  _07/03/08_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.08\Boyland1884.dismiss.wpd

United States District Court
For the Northern District of California

2

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JARMELL BOYLAND,

          Plaintiff,

  v.

KIMBERLY MCMULLEN et al,

          Defendant.

_____/

Case Number: CV08-01884 TEH

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Kimberly McMullen #: J2343317
CJS West - Annex
1 Moreland Drive
P.O. Box 67
San Bruno, CA 94066


Dated: July 7, 2008

Richard W. Wieking, Clerk
By: R.B. Espinosa, Deputy Clerk